Filed 2/17/26  In re M.L. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re M.L., a Person Coming Under the Juvenile Court Law. | |
| | D086977 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| | (Super. Ct. No. J520709) |
| Plaintiff and Respondent, | |
| v. | |
| K.R., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lilys D. McCoy, Judge.  Conditionally reversed and remanded with directions.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Damon M. Brown, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Kristen M. OJeil, Deputy County Counsel, for Plaintiff and Respondent.

MEMORANDUM OPINION

K.R. (Mother) appeals from a juvenile court order terminating her parental rights as to M.L. (DOB January 2021) (Welf. & Inst. Code,[1] § 366.26).  Her sole claim on appeal is that the juvenile court failed to ensure the San Diego County Health and Human Services Agency (Agency) complied with its inquiry duty under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and section 224.2.

Specifically, Mother contends that, although the Agency inquired if she and the presumed father had Native American Indian ancestry (which they both denied), the Agency failed as part of its ongoing obligation to inquire about the Indian ancestry for "multiple maternal and paternal relatives." She further contends the Agency's lack of compliance with ICWA and state law requires that we (conditionally) reverse the order terminating parental rights and remand for additional ICWA inquiry efforts.

The Agency concedes:  (1) the record does not contain sufficient evidence of an adequate ICWA inquiry as to the maternal grandmother, a maternal uncle, the paternal grandmother and grandfather, and a paternal aunt;[2] (2) all of these individuals were "reasonably available to the Agency" for such inquiry; and (3) the record therefore does not contain sufficient evidence of an adequate initial ICWA inquiry, warranting a conditional

---

[1]    Further undesignated statutory references are to the Welfare and Institutions Code.

[2]    The Agency acknowledges that it also did not inquire whether a paternal great-aunt and great-uncle had Indian ancestry, noting they may qualify as persons who have an interest in M.L. under section 224.2, subdivision (b)(2) (which includes, "but is not limited to," inquiring of extended family members and "others who have an interest in the child").

2

reversal of the juvenile court's August 28, 2025 order terminating parental rights.[3]  We accept the Agency's concessions.

Because the record does not contain substantial evidence to support the juvenile court's finding (made without prejudice) that ICWA did not apply in this case, we conditionally reverse the order terminating parental rights with a limited remand for the Agency to comply with ICWA and section 224.2. (See *In re Dezi C.* (2024) 16 Cal.5th 1112, 1141 [if ICWA "inquiry is inadequate, conditional reversal is required so the agency can cure the error and thereby safeguard the rights of tribes, parents, and the child"].)

DISPOSITION

The juvenile court's August 25 order is conditionally reversed.  The matter is remanded to the juvenile court with directions that the Agency comply with the inquiry and notice requirements of ICWA and section 224.2. If the juvenile court thereafter finds a proper and adequate inquiry and due diligence has been conducted and concludes that ICWA does not apply, then the court shall reinstate the order terminating parental rights.  If, however, the court concludes ICWA applies, then it shall proceed in conformity with ICWA and California implementing provisions.

---

[3]    The Agency submits Mother and the presumed father are entitled to appointment of counsel on remand.

Pursuant to California Rules of Court, rule 8.272(c)(1), the parties have stipulated to the issuance of an immediate remittitur in this case. The clerk is directed to issue the remittitur immediately.

BUCHANAN, J.

WE CONCUR:

DO, Acting P. J.

HUFFMAN, J.*

---

*    Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.